UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RICHARD MALICIA and JEANNETTE MALICIA,**

         **Plaintiffs,**

v.                                                  Case No:   6:16-cv-1657-Orl-41KRS

**SOFTWARE SECURE, INC.,**

         **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **RENEWED JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE (Doc. No. 25)** |
| **FILED:** | **January 27, 2017** |

**I.   BACKGROUND.**

On September 22, 2016, Plaintiffs, Richard and Jeannette Malicia, filed a complaint against Defendant, Software Secure, Inc. Doc. No. 1. In the complaint, Plaintiffs asserted that Defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, by failing to pay them overtime compensation as required by law. *Id.* ¶¶ 1, 7, 33-36. Plaintiffs alleged that they were entitled to unpaid overtime compensation, liquidated damages, and attorney's fees. *Id.* at 5. Plaintiffs filed an amended complaint on October 25, 2016, asserting the same claim and seeking the same relief. Doc. No. 12. On November 30, 2016, Defendant filed its answer, affirmative

defenses and counterclaims. In the counterclaims, Defendant alleged causes of action for breach of contract and unjust enrichment. Doc. No. 20.

On December 14, 2016, before responses to the Court's interrogatories were due, the parties filed a notice informing the Court that they had settled the claim asserted in this case. Doc. No. 21. At the Court's direction, on January 6, 2017, they filed a motion requesting that the Court approve their settlement in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). Doc. No. 23. The Court denied that motion without prejudice because the parties did not attach a fully executed copy of the settlement agreement. Doc. No. 24. The parties filed the instant renewed motion for settlement approval on January 27, 2017, and attached a fully executed copy of their settlement agreement. Doc. No. 25 (the "Settlement Agreement"). In the motion, the parties stipulate to an Order approving their settlement, and dismissing the case with prejudice. *Id.* at 4.

The motion was referred to the undersigned for issuance of a Report and Recommendation, and the matter is now ripe for review.

## II.    APPLICABLE LAW.

In *Lynn's Food*, the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d at 1353. Under *Lynn's Food*, a court may only enter an order approving a settlement if it finds that the settlement is fair and reasonable, *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010), and that the ensuing judgment is stipulated, *Nall v. Mal Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam).[1] If the Court finds that the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fees to a reasonable amount. *See id.* at 351-52; *see also Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) (finding that the Court must consider the reasonableness of attorney's fees when a "settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney").

## III. ANALYSIS.

### A. *Terms of the Settlement Agreement.*

Under the Settlement Agreement, each Plaintiff will receive $2,250.00 for wages allegedly due, an equal amount in liquidated damages, and $500.00 "for consideration for the general release[.]" Doc. No. 25-1, at 3-4.[2] Counsel for Plaintiffs will receive $5,000.00 for attorneys' fees and costs. *Id.* at 3. Defendant agreed to withdraw its counterclaims with prejudice. *Id.*

In the Settlement Agreement, Plaintiffs affirmed that the only claims they have filed against Defendant are those in the present case. *Id.* at 4-5. They agree that "they are not qualified to hold any position with Defendant now or in the future," and that they "shall not apply in the future for

---

[1] Unpublished decisions of the Eleventh Circuit are cited as persuasive authority.

[2] In the motion, counsel state that Defendant also agreed to provide Plaintiffs with a neutral job reference, Doc. No. 25, at 3, but this provision does not appear in the Settlement Agreement.

employment with Defendant." *Id.* at 4. The Settlement Agreement contains a confidentiality provision and a non-disparagement provision. *Id.* at 5-6.

The Settlement Agreement contains a severability clause that applies to all provisions other than the general release. *Id.* at 8. The Settlement Agreement further provides that it may be amended by written agreement. *Id.*

### B. *Whether the Settlement is a Compromise of Plaintiffs' FLSA Claims.*

Plaintiffs did not allege in their complaints the amount of overtime compensation they alleged they are due. The motion for a fairness finding states that if Plaintiffs had prevailed, they would have been owed, collectively, approximately $24,000.00 in compensation. Doc. No. 25, at 6. Therefore, the settlement is a compromise of Plaintiffs' FLSA claims.

### C. *Whether the Settlement is Fair and Reasonable.*

Because Plaintiffs have compromised their FLSA claims, the Court must evaluate whether the settlement is fair and reasonable. Counsel indicate that there is a dispute as to whether Plaintiffs were properly classified as independent contractors, whether Plaintiffs worked fewer hours than they claimed, and whether Defendant acted in good faith and not in willful violation of the FLSA. Doc. No. 25 at 2. Thus, there are *bona fide* disputes regarding Plaintiffs' FLSA claims.

Counsel for the parties represent that they engaged in lengthy settlement negotiations. *Id.* at 2-3. The parties also represent that the Settlement Agreement satisfies their desire to avoid the cost and time of litigating the issues and the risks of litigation. *Id.* at 4. This adequately explains the reasons for the compromise.

Nonetheless, the Settlement Agreement presents a number of issues that the Court may find render it neither fair nor reasonable.

First, paragraph 13 of the Settlement Agreement contemplates that the settlement agreement may be modified by a written agreement signed by all parties. Doc. No. 25-1 ¶ 13. The Court cannot find an agreement to be fair and reasonable unless it is in final form, with no opportunity for amendment. To hold otherwise would leave the parties free to circumvent *Lynn's Food* review through *post hoc* modifications of an already-approved agreement.

Second, the Settlement Agreement provides that each Plaintiff will receive $500.00 in consideration "for the general release contained herein . . . ." *Id.* at ¶ 3.a. The Settlement Agreement includes a pervasive general release of "all claims Plaintiffs might have under federal, state or local law (including, but not limited to, actions for compensatory damages pain, suffering or emotional distress)" against Defendant. *Id.* at ¶ 2.a. An extensive, but non-exhaustive, list of such potential claims is enumerated in paragraph 2.c. The Settlement Agreement also provides that Defendant shall withdraw any and all counterclaims it has filed against Plaintiffs. *Id.* at ¶ 2.b. Judges in this District do not agree whether payment of separate consideration for a broad, general release is sufficient to support a fairness finding in an FLSA case. *Compare Irizarry v. Percepta, LLC*, No. 6:12-cv-1141-37KRS, 2013 U.S. Dist. LEXIS 117283, at *7 (M.D. Fla. June 19, 2013), *adopted by* 2013 U.S. Dist. LEXIS 117282 (M.D. Fla. July 10, 2013) (approving a settlement agreement when an employee received separate monetary compensation in exchange for agreeing to a general release and other concessions) *with Shearer v. Estep Constr. Inc.*, No. 6:14-cv-1658-Orl-41GJK, 2015 U.S. Dist. LEXIS 65832, at *9-10 (M.D. Fla. May 20, 2015)(denying approval of a settlement agreement the mutual released claims could not be valued). Accordingly, if the Court determines that *Shearer* provides the better reasoning in this case, the Court may find that this Settlement Agreement is not fair and reasonable under *Lynn's Foods*. As discussed above, the Settlement Agreement does not permit the Court to sever the general release.

Third, the Settlement Agreement includes other non-cash concessions such as a confidentiality provision, a non-disparagement provision, and a waiver of future eligibility for employment with Defendant. Doc. No. 25-1, at ¶¶ 2.e., 5.d, 7. Such provisions ordinarily do not pass muster under *Lynn's Food* review. *See, e.g., Dees*, 706 F. Supp. at 1242-43 ("The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA."). However, the Court could sever these provisions from the Settlement Agreement, if it found that only these provisions render the Settlement Agreement neither fair nor reasonable.

### D.     *Attorney's Fees and Costs.*

If the Court finds that the Settlement Agreement is fair and reasonable in other respects, the Court must consider whether the payment to Plaintiffs' attorney is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiffs agreed to accept. In this case, Plaintiffs' counsel will receive $5,000.00 in attorney's fees and costs. Plaintiffs' counsel represents that this case involved substantial research regarding miscalculation issues, lengthy review of pay and time records, extensive settlement negotiations and preparation of papers filed with the Court. Doc. No. 25, at 4. Counsel for both parties agree that the amount to be paid to Plaintiffs is fair and reasonable under the circumstances. *Id.* Counsel also represent that this amount was negotiated separately and without regard to the amounts sought for Plaintiffs' claims. *Id.* at 3. Under these circumstances, I recommend that the Court find the amount counsel for Plaintiffs will receive in attorneys' fees and costs is reasonable and did not taint the amount Plaintiffs agreed to accept for resolution of their FLSA claims. *See Bonetti*, 715 F. Supp. 2d at 1228 ("[T]he best way to insure that no conflict has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.").

   *E. Whether the Parties Have Stipulated to a Judgment Approving the FLSA Settlement.*

  In the motion, counsel ask that the Court approve the Settlement Agreement and dismiss the case with prejudice.   Doc. No. 25, at 8.   Accordingly, the parties stipulate to a judgment approving the FLSA settlement.

## IV. RECOMMENDATION.

  In light of the foregoing, I **RESPECFULLY RECOMMEND** that if the Court finds that the Settlement Agreement is not fair and reasonable based on the broad general release, it **DENY** the Renewed Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. No. 25).  The Court may, in its discretion, give the parties an opportunity to amend the Settlement Agreement, if they choose to do so, and file a motion for a fairness finding within the time provided by the Court.   Alternatively, Plaintiffs should be directed to promptly file answers to the Court's interrogatories, and counsel should file a Case Management Report.

  If the Court finds that the Settlement Agreement is fair and reasonable, it should grant the motion, dismiss the case with prejudice, and direct the Clerk of Court to close the file.

### Notice to the Parties

  Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar

an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual and legal conclusions.

**DONE** and **ORDERED** in Orlando, Florida on February 7, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Courtroom Deputy Clerk
Counsel of Record