UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RICHARD MALICIA and JEANNETTE MALICIA,**

       **Plaintiffs,**

**v.**                                           **Case No: 6:16-cv-1657-Orl-41KRS**

**SOFTWARE SECURE, INC.,**

       **Defendant.**

## ORDER

THIS CAUSE is before the Court on the parties' Renewed Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. 25). United States Magistrate Judge Karla R. Spaulding issued a Report and Recommendation ("R&R," Doc. 26). In the R&R, Judge Spaulding indicated that the parties' Settlement Agreement contains a broad general release, for which Plaintiffs will receive separate consideration. (*See* Settlement Agreement, Doc. 25-1, ¶¶ 2–3). Acknowledging that judges in this district have different opinions about whether broad general release clauses supported by separate consideration pass muster under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), Judge Spaulding recommended that this Court either deny or approve the motion, depending on this Court's opinion on the matter. (Doc. 26 at 5, 7). Additionally, Judge Spaulding advised that there are several provisions in the Settlement Agreement that may cause this Court to find that the Agreement is not fair or reasonable—the confidentiality, non-disparagement, waiver of future eligibility for employment with Defendant, and modification provisions. (*Id.* at 5–6). However, she added that pursuant to the proposed

Agreement's severability provision, (*see* Doc. 25-1 ¶ 10), this Court could sever those particular provisions and approve the rest of the Agreement, (Doc. 26 at 6).

Thereafter, the parties filed a Joint Response and Objection (Doc. 27) to the R&R. In response to the R&R, the parties request that the Court sever the modification, confidentiality, non-disparagement, and waiver of future eligibility for employment provisions. (*Id.* at 2). Accordingly, the Court will sever these provisions from the Agreement.

Additionally, the parties objected to the Magistrate Judge's finding that the inclusion of a general release may potentially render the Agreement unfair. Apart from releasing the pending Fair Labor Standards Act ("FLSA") claims, the parties appear to have separately agreed to a general release, thereby releasing a myriad of non-pending claims. In exchange for this general release, each plaintiff is to receive $500.00—consideration which is separate from that being given in exchange for the settlement of Plaintiffs' FLSA claims. Pursuant to *Lynn's Food Stores, Inc. v. United States*, this Court must determine whether a proposed settlement "is a fair and reasonable resolution of a bona fide dispute *over FLSA provisions*," 679 F.2d at 1355 (emphasis added). Moreover, "the release of non-FLSA claims is generally not subject to judicial scrutiny." *Shearer v. Estep Const., Inc.*, No. 6:14-cv-1658-Orl-41GJK, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). Therefore, this Court does not express an opinion as to the validity of the general release agreement.

After an independent *de novo* review of the record, this Court otherwise agrees with the analysis in the R&R. Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. To the extent that it is consistent with this Order, the Report and Recommendation (Doc. 26) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The modification provision, (Doc. 25-1 ¶ 13), confidentiality provision, (*id.* ¶ 7a.–b.), non-disparagement provision, (*id.* ¶ 7c.), and waiver of future eligibility for employment provision, (*id.* ¶ 5d.) are **STRICKEN** from the Agreement.

3. The parties' Renewed Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. 25) is **GRANTED**; the Settlement Agreement, as amended by this Court, is **APPROVED**; and this case is **DISMISSED with prejudice**.

4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on June 1, 2017.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record